LUCIAN J. GRECO, JR., ESQ.
Nevada State Bar No. 10600
JARED G. CHRISTENSEN, ESQ.
Nevada State Bar No. 11538
DELEELA M. WEINERMAN, ESQ.
Nevada State Bar No. 13985
BREMER WHYTE BROWN & O'MEARA LLP
1160 N. TOWN CENTER DRIVE
SUITE 250
LAS VEGAS, NV 89144
TELEPHONE:  (702) 258-6665
FACSIMILE:  (702) 258-6662
lgreco@bremerwhyte.com
jchristensen@bremerwhyte.com
dweinerman@bremerwhyte.com

Attorneys for Defendant,
JAMES RIVER INSURANCE COMPANY

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW BUMGARDNER,<br><br>    Plaintiff,<br><br>    vs.<br><br>JAMES RIVER INSURANCE COMPANY; RAISER, LLC dba UBER, UBER TECHNOLOGIES INC, dba UBER; DOES I through X; and ROE BUSINESS ENTITIES I through X; inclusive; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>    Defendants. | Case No.  2:20-cv-00381-KJD-BNW<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 26-1(b)**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Plaintiff, Matthew Bumgardner by and through his attorneys of record, Richard A. Harris, Esq. and Samantha A. Martin, Esq. of Richard Harris Law Firm, and Defendant, James River Insurance Company by and through its attorneys of record, Lucian J. Greco, Jr, Esq., Jared G. Christensen, Esq. and Deleela M. Weinerman, Esq. of Bremer Whyte Brown and O'Meara, LLP, hereby submit their Joint Discovery Plan and Scheduling Order Pursuant to Fed. R. Civ. P. 26(f) and

Local Rule 26-1(b). Deadlines that fall on a Saturday, Sunday or legal holiday have been scheduled for the next judicial day.

1. **Fed. R. Civ. P. 26(f) Meeting**: Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties conferred by telephone to develop a proposed discovery plan on May 2, 2022. The conference was held by Samantha A. Martin, Esq. of Richard Harris Law Firm on behalf of Plaintiff, and Deleela M. Weinerman, Esq. of Bremer Whyte Brown & O'Meara LLP on behalf of Defendant.

2. **Pre-Discovery Disclosues**: Pursuant to Fed. R. Civ. P. 26(a)(1), the parties have already made their pre-discovery disclosures, including any and all information required by Fed. R. Civ. P. 26(a)(1).

3. **Areas of Discovery**: The parties agree that the area of discovery should include, but not be limited to all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

4. **Discovery Plan**: The parties propose the following discovery plan:

    a. **Discovery Cut-Off Date [LR 26-1(b)(1)]**: The proposed last day of discovery shall be **October 31, 2022**, which is calculated as 180 days from the supplemental 26(f) conference. Due to the prior stay, the parties are using the date of the supplemental 26(f) conference for the purposes of discovery.

    b. **Amendment of Pleadings and Adding of Parties [LR26-1(b)(2)]**: The parties shall have until **August 2, 2022**, to file any motions to amend the pleadings or to add parties. This is 90 days before the proposed discovery cut-off date.

    c. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts) [LR26-1(b)(3)]**: Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) and pursuant to LR 26-1(b)(3). The initial disclosure of experts and expert reports shall occur on **September 1, 2022**, which

is 60 days before the proposed discovery cut-off date, and the disclosure of rebuttal experts and rebuttal expert reports shall occur on **October 3, 2022**, which is 30 days after the initial disclosure of experts.

d. **Dispositive Motions [LR 26-1(b)(4)]**: The parties shall have until **November 30, 2022** to file dispositive motions, which is 30 days after the proposed discovery cut-off date.

e. **Pre-Trial Order [LR 26-1(b)(5)]**: The joint pre-trial order shall be filed by **December 30, 2022**, which is 30 days after the date set for filing dispositive motions. If a dispositive motion is timely filed, this deadline is suspended until 30 days after a decision on the dispostive motion or further order of the Court.

f. **Trial Readiness**: This case should be ready for trial by March or April 2023 and is expected to take approximately 7-10 days.

g. **Fed. R. Civ. P. 26(a)(3) Disclosures [LR 26-1(b)(6)]**: Unless otherwise directed by the Court, pretrial disclosures as set out in Fed. R. Civ. P. 26(a)(3) and any objections to them shall be included in the joint pre-trial order.

h. **Court Conferences**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

i. **Extension or Modifications of the Discovery Plan and Scheduling Order**: LR 26-4 goverens modifications or extensions of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than 21 days before the subject deadline.

    **j. Format of Discovery**: Pursuant to the eletronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at Fed. R. Civ. P. 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

5. **Alternative Dispute Resolution and Settlement [LR 26-1(b)(7)]**: The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration, and if applicable, an early neutral evaluation and will discuss further as discovery progresses.

6. **Alternative Forms of Case Disposition [LR 26-1(b)(8)]**: The parties certify that they considered consent, and do not consent, to trial by a Magistrate Judge under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, and the use of the Short Trial Program (General Order 2013-01).

7. **Electronic Evidence [LR 26-1(b)(9)]**: The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties may present evidence in electronic format to jurors for the purposes of jury deliberations in compliance with the Court's electronic jury evidence display system.

///
///
///
///
///
///
///

LEGAL:11009-0405/14052349.1 1256.396  4880-7023-2094.1

**8. Review of Local Rule 26-1(b)**: The parties certify that they have read the text of Local Rule 26-1(b), effective as amended May 1, 2016.

DATED this 6th of May 2022

**RICHARD HARRIS LAW FIRM**

 /s/ Samantha A. Martin
Richard A. Harris, Esq.
Nevada State Bar No. 505
Samantha A. Martin, Esq.
Nevada State Bar No. 12998
*Attorneys for Plaintiff,*
*Matthew Bumgardner*

DATED this 6th of May 2022

**BREMER WHYTE BROWN & O'MEARA LLP**

 /s/ Deleela M. Weinerman
Lucian J. Greco, Jr, Esq.
Nevada State Bar No. 10600
Jared G. Christensen, Esq.
Nevada State Bar No. 11538
Deleela M. Weinerman, Esq.
Nevada State Bar No. 13985
*Attorneys for Defendant,*
*James River Insurance Company*

LEGAL:11009-0405/14052349.1 1256.396  4880-7023-2094.1

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2022, a true and correct copy of **JOINT DISCOVERY PLAN AND SCHEDULING ORDER PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 26-1(b)** was served upon all parties requesting notice via the United States District Court CM/ECF system.

    /s/ Alexis Robinson
Alexis Robinson, an employee of
BREMER WHYTE BROWN & O'MEARA, LLP

LEGAL:11009-0405/14052349.1 1256.396  4880-7023-2094.1